UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| VALVE CORPORATION, | § § | |
| Petitioner, | § § | Case No. 1:25-mc-22402 |
| v. | § § § | Related Case: Valve Corp. v. Leigh Rothschild et al., No. 23-cv-1016-JNW |
| CONSTANCE KAZANJIAN, | § § | (W.D. Wash. July 7, 2023) |
| Respondent. | § § | |

**PETITIONER VALVE CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL CONSTANCE KAZANJIAN TO SIT FOR A DEPOSITION AND TO PRODUCE DOCUMENTS**

Petitioner Valve Corporation ("Valve") sued Leigh Rothschild, Rothschild Broadcast Distribution Systems LLC, Display Technologies, LLC, Patent Asset Management, LLC, Meyler Legal, PLLC, and Samuel Meyler ("Washington Defendants") in the Western District of Washington for declaratory relief and causes of action arising from Defendants' pattern of bad-faith patent assertions. Respondent Constance Kazanjian is a former employee of Mr. Rothschild and has personal knowledge of Defendants' pattern of conduct with respect to patent assertions.

On March 15, 2025, Valve served Ms. Kazanjian with a Subpoena to Testify at a Deposition in a Civil Action and a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action. To date, Valve has received no objections to the subpoenas, and Ms. Kazanjian initially expressed her willingness to give evidence. However, communications have reached an impasse, and Valve has not heard from Ms. Kazanjian or her attorney since April 14, 2025. Valve thus moves now to compel Ms. Kazanjian to sit for deposition and to produce documents.

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| **I.** | Introduction and Factual Background............................................................................1 | | |
| **II.** | Argument ........................................................................................................................2 | | |
| | A. | The Subpoenas were properly issued and properly served and may be properly enforced by this Court.........................................................3 | |
| | B. | This Court should grant Valve's Motion to Compel Compliance with the Subpoenas. .......................................................................4 | |
| | C. | The scope of discovery requested by the subpoenas is appropriate under Rule 45................................................................................5 | |
| **III.** | Conclusion ......................................................................................................................6 | | |

## TABLE OF EXHIBITS

| Exhibit No. | Description |
| --- | --- |
| 1 | Declaration of Andrea Anderson |
| 2 | Subpoena to Testify at Deposition as served to Constance Kazanjian including Schedule A |
| 3 | Subpoena to Produce Documents as served to Constance Kazanjian including Schedule A |
| 4 | Second Amended Complaint, *Valve Corp. v. Leigh Rothschild et al.* |
| 5 | Scheduling order, *Valve Corp. v. Leigh Rothschild et al.* |
| 6 | Complaint, *Kazanjian v. Rothschild* |
| 7 | Declaration of Christopher Damitio |
| 8 | Email chain between Christopher Damitio, Kathleen Geyer, and John Agnetti |

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adekunle v. Care Ctrs. Of Nassau, LLC*,
  No. 3:12-CV-1363-JMCR, 2013 WL 12157549 (M.D. Fla. Nov. 13, 2013) ...........................4

*Berkley Ins. Co. v. Suffolk Constr. Co. Inc.*,
  No. 19-23059-CIV, 2020 WL 10057924 (S.D. Fla. Oct. 30, 2020) .........................................5

*Kazanjian v. Rothschild*,
  No. 2017-8246-CA-1 (Fla. Cir. Ct. Apr. 5, 2017), (Complaint attached as Ex.
  6) ...........................................................................................................................................1

*Kramer Sci. Lab'y Prod. Corp. v. Golf Med. Corp.*,
  No. 11-61610-CIV, 2011 WL 5914255 (S.D. Fla. Nov. 28, 2011) ..........................................5

*Marjam Supply Co. of Fla. LLC v. Pliteq, Inc.*,
  No. 15-CIV-24363, 2018 WL 1456614 (S.D. Fla. Mar. 23, 2018) ......................................2, 5

*Noel-Wagstaffe v. Metro. Cas. Ins. Co.*,
  No. 17-CIV-61039, 2017 WL 6047679 (S.D. Fla. Dec. 7, 2017).............................................4

*Rutsky v. Target Corp.*,
  No. 12-61828-CIV, 2013 WL 12009695 (S.D. Fla. June 17, 2013).........................................4

*Sakhil Ctr. at Doral Condo Ass'n, Inc. v. Hanover Ins. Co.*,
  No. 18-21659-CIV, 2019 WL 7881626 (S.D. Fla. Mar. 21, 2019) ......................................2, 6

*Valve Corp. v. Rothschild*,
  No. 23-cv-1016-JNW (W.D. Wash. July 7, 2023) (Complaint attached as Ex.
  4) ...............................................................................................................................1, 2, 5, 6

*Whatley v. World Fuel Servs. Corp.*,
  No. 20-20993-MC, 2020 WL 2616209 (S.D. Fla. May 22, 2020) ...........................................4

I.      INTRODUCTION AND FACTUAL BACKGROUND

Petitioner Valve Corporation ("Valve") sued Leigh Rothschild, Rothschild Broadcast Distribution Systems LLC, Display Technologies, LLC, Patent Asset Management, LLC, Meyler Legal, PLLC, and Samuel Meyler ("Washington Defendants") in the Western District of Washington for declaratory relief and causes of action arising from Defendants' pattern of bad-faith patent assertions. *Valve Corp. v. Rothschild*, No. 23-cv-1016-JNW (W.D. Wash. July 7, 2023) (the "Washington Case") (Complaint attached as Ex. 4). In the Washington Case, Valve asserts, *inter alia*, that Defendants made claims against Valve for patent infringement in bad faith.

Constance Kazanjian is a former employee of Washington Defendant Leigh Rothschild. Ms. Kazanjian has previously litigated against Rothschild. *See Kazanjian v. Rothschild*, No. 2017-8246-CA-1 (Fla. Cir. Ct. Apr. 5, 2017), (Complaint attached as Ex. 6). Ms. Kazanjian alleges numerous facts in her Complaint against Mr. Rothschild that are either directly relevant in the Washington Case or that indicate that she has personal knowledge of relevant facts. For example, Ms. Kazanjian alleged that she developed Display Technologies, LLC—one of the Washington Defendants—as an entity "created specifically to be named as Plaintiffs in patent infringement suits against various corporations across the United States." Ex. 6 ¶¶ 46–47. Ms. Kazanjian identified herself as the designer and implementer of "one of the largest patent assertion companies in the United States" for the benefit of Mr. Rothschild. Ex. 6 ¶¶ 60-61. Ms. Kazanjian also alleged that Mr. Rothschild converts settlement income derived patent lawsuits from entities including Display Technologies, LLC, for Mr. Rothschild's personal use. Ex. 6 ¶¶ 71–72.

Valve identified Ms. Kazanjian as a witness likely to have information relevant to the Washington Case. Ex. 7 ¶ 4. Valve served a Subpoena to Testify at a Deposition in a Civil Action and a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, and both were served on Ms. Kazanjian at her home on March 15, 2025. Exs. 2, 3. Ms. Kazanjian has not raised any objections to the subpoenas.

On March 21, 2025, Ms. Kazanjian's attorney, John Agnetti, communicated to Valve that that he represented Ms. Kazanjian with regards to the subpoenas and asked Valve to discuss the subpoenas with him. Ex. 7 ¶ 8. Valve returned Mr. Agnetti's call on the same day, but Valve was unable to reach Mr. Agnetti until April 1. *Id.*, ¶¶ 9–11. On April 1, Mr. Agnetti called Valve and expressed that he was looking into Ms. Kazanjian's availability to sit for a deposition and attempting to locate his files from Ms. Kazanjian's prior lawsuit against Mr. Rothschild. *Id.*, ¶ 11. Mr. Agnetti told Valve he would call again on April 4. *Id.*, ¶ 11. On April 9 and April 11, Valve attempted to reach Mr. Agnetti by phone but was only able to leave a message with a receptionist. *Id.*, ¶¶ 13, 15. On April 11, Valve sent another email to Mr. Agnetti, asking for an update on scheduling a deposition and obtaining documents. *Id.*, ¶ 14; Ex. 8.

On April 14, Mr. Agnetti replied only to say that he was still attempting to locate Ms. Kazanjian's files. Ex. 7 ¶ 16; Ex. 9. Valve sent additional emails to Mr. Agnetti on April 18, April 28, and May 6. Ex. 7 ¶¶ 18–20; Ex. 9. To date, Valve has received no further communications from Mr. Agnetti or Ms. Kazanjian. Ex. 7 ¶¶ 17, 21; Ex. 8.

Fact discovery in the Washington Case closes on June 25, 2025. Ex. 5 (scheduling order in Washington Case). Valve remains hopeful that Ms. Kazanjian will voluntarily comply with the subpoenas as she previously appeared willing to do. Valve seeks relief no greater than necessary to preserve its rights to evidence vital to the Washington Case. However, in view of the imminent close of fact discovery in the Washington Case, Valve must now file this Motion to Compel.

II.     **ARGUMENT**

A party may use a Rule 45 subpoena to obtain discovery from a non-party regarding non-privileged matters that are relevant and proportional to the needs of the case. *See Sakhil Ctr. at Doral Condo Ass'n, Inc. v. Hanover Ins. Co.*, No. 18-21659-CIV, 2019 WL 7881626, at *1 (S.D. Fla. Mar. 21, 2019); *Marjam Supply Co. of Fla. LLC v. Pliteq, Inc.*, No. 15-CIV-24363, 2018 WL 1456614, at *4 (S.D. Fla. Mar. 23, 2018) (citations omitted). Where a non-

party fails to comply with a properly issued and properly served subpoena, the court for the district where the deposition or production is to occur may issue an order compelling discovery. Fed. R. Civ. P. 37(a)(1), 37(a)(3)(B)(ii), 45(d)(2)(B)(i). Valve properly issued and served subpoenas on Ms. Kazanjian, seeking deposition and production within this Court's geographic boundaries and within the scope of Rule 45. Accordingly, this Court should grant Valve's Motion to Compel.

### A. The Subpoenas were properly issued and properly served and may be properly enforced by this Court.

Federal Rule of Civil Procedure 45 governs non-party discovery in federal courts. Under Rule 45(a)(2), a subpoena must issue from the court where the action is pending. Through the subpoena, a party may command a non-party to produce documents, attend a deposition, or both, at any location within 100 miles of where the non-party resides. Fed. R. Civ. P. 45(a)(1)(C), 45(c). Here, two Subpoenas were properly issued in the District Court for the Western District of Washington. Exs. 2, 3. Ms. Kazanjian's place of residence is in Bay Harbor Islands, Florida, and as the subpoenas explain, Valve seeks to depose Ms. Kazanjian in Miami "or a mutually agreeable time and place in Bay Harbor Islands" and to deliver documents and things to a location Oakland Park, Florida, or a mutually agreeable time and place. Exs. 2, 3. These locations are well within the 100-mile limits set forth in Rule 45(c).

The subpoenas were then properly served on Ms. Kazanjian in accordance with the requirements of Rule 45. Exs. 2, 3. Valve, through its process server, served Ms. Kazanjian personally at her place of residence with the subpoenas and a payment for witness fees. *Id.* The process server also recorded several identifying features to confirm Ms. Kazanjian's identity. *Id.* This complies with the requirements of Rule 45(b)(1). Ms. Kazanjian has not disputed that she was personally served with Valve's subpoenas nor objected to the subpoenas.

Finally, the Southern District of Florida may compel Ms. Kazanjian to respond to Valve's properly issued and served subpoenas. "A motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). The places

- 3 -

of deposition and document collection are in Miami (Miami-Dade County) and Oakland Park (Broward County), respectively, both within the Southern District of Florida. This Court may thus enforce the subpoenas.

Further, Ms. Kazanjian has not raised any objections, though the subpoenas were served more than two months ago on March 15, 2025. She has thus waived any such objections. *See Whatley v. World Fuel Servs. Corp.*, No. 20-20993-MC, 2020 WL 2616209, at *3 (S.D. Fla. May 22, 2020) ("[T]he failure to serve any objections in the time provided constitutes a waiver of any objections." (citing *Carroll v. TheStreet.com*, No. 11-81173-CIV, 2013 WL 12383301, at *1 (S.D. Fla. Apr. 15, 2013))).

### B. This Court should grant Valve's Motion to Compel Compliance with the Subpoenas.

The Court should compel Ms. Kazanjian to sit for a deposition and to produce documents under the properly issued and served subpoenas. When a non-party who is properly served with a deposition subpoena fails to appear without adequate excuse and without seeking to quash the subpoena, the Court may enter an order compelling the non-party to appear. *See Rutsky v. Target Corp.*, No. 12-61828-CIV, 2013 WL 12009695, at *1-2 (S.D. Fla. June 17, 2013) (granting motion to compel non-party's compliance with deposition subpoena where non-party failed to comply with properly served subpoena for deposition); *Adekunle v. Care Ctrs. Of Nassau, LLC*, No. 3:12-CV-1363-JMCR, 2013 WL 12157549, at *1 (M.D. Fla. Nov. 13, 2013) (granting motion to compel non-party's compliance with deposition subpoena where non-party failed to appear for deposition and did not file motion to quash); *see also* Fed. R. Civ. P. 45(g) ("The court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."). Similarly, the Court may enter an order to compel the non-party to produce documents when the non-party fails to respond to a subpoena to produce documents. *See Noel-Wagstaffe v. Metro. Cas. Ins. Co.*, No. 17-CIV-61039, 2017 WL 6047679, at *2 (S.D. Fla. Dec. 7, 2017) (granting motion to compel non-parties to produce documents where non-party failed to respond with production or objections to properly served

subpoena).

When a served person waives objections to the subpoena, does not file a motion to quash the subpoena, and fails to appear for a deposition without an adequate excuse, courts commonly grant motions to compel the requested discovery. *See, e.g.*, *Berkley Ins. Co. v. Suffolk Constr. Co. Inc.*, No. 19-23059-CIV, 2020 WL 10057924, at *1 (S.D. Fla. Oct. 30, 2020) ("[Defendant] served [multiple non-parties] with a subpoena and they each failed to serve an objection or response pursuant to FRCP 45. [Defendant's] motion to compel is therefore granted"); *Kramer Sci. Lab'y Prod. Corp. v. Golf Med. Corp.*, No. 11-61610-CIV, 2011 WL 5914255, at *3-4 (S.D. Fla. Nov. 28, 2011).

Ms. Kazanjian has had Valve's subpoenas for more than two months. Though her counsel initially said that he would respond with Ms. Kazanjian's availability for deposition, the promised reply did not materialize. In that time, Ms. Kazanjian has not responded with any objections (thus waiving them) or by filing any motion to quash. Valve has been simply unable to reach Ms. Kazanjian or her attorney since April 14, 2025, despite numerous attempts to communicate by phone and email. This Court should therefore grant Valve's Motion to Compel and require Ms. Kazanjian to sit for a deposition at a place convenient to Ms. Kazanjian and to produce documents before the close of fact discovery in the Washington Case.

### C. The scope of discovery requested by the subpoenas is appropriate under Rule 45.

Because Valve's subpoenas were properly issued and served, and because Ms. Kazanjian has waived any objections as to the scope of the subpoena, the Court should grant the Motion to Compel. However, even if Ms. Kazanjian has not waived her objections, the discovery requested by the subpoena is appropriate under Rule 45. Courts consider the scope of discovery available from a non-party under Rule 45 to be "the same as the scope of discovery under Rule 26." *Marjam Supply*, 2018 WL 1456614, at *4 (citations omitted). "In other words, a party may use a Rule 45 subpoena to obtain 'discovery regarding any non-privileged matter that is relevant to any party's claim or defense,'" so long as it is proportionate to the needs of

the case. *Sakhil Ctr.*, 2019 WL 7881626, at *1 (quoting Fed. R. Civ. P. 26(b)(1)).

Ms. Kazanjian was an employee of Mr. Rothschild, a defendant in the Washington Case. She has been previously litigated against Mr. Rothschild alleging facts that are highly probative of the Washington Defendants' motive, intent, preparation, plan, knowledge, and absence of mistake with respect to the bad-faith patent assertions that Valve alleges in the Washington Case. For example, Ms. Kazanjian alleged that she created Washington Defendant entity Display Technologies, LLC, "specifically to be named as Plaintiffs in patent infringement suits against various corporations across the United States." Ex. 6 ¶¶ 46–47. Ms. Kazanjian identified herself as the designer and implementer of "one of the largest patent assertion companies in the United States" for the benefit of Mr. Rothschild. Ex. 6 ¶¶ 60-61. Accordingly, the testimony and documents that Valve seeks from Ms. Kazanjian are relevant and proportional to the needs of the Washington Case.

### III. CONCLUSION

For the foregoing reasons, Valve requests that the Court grant its Motion to Compel Constance Kazanjian to Sit for a Deposition and to Produce Documents.

## **CERTIFICATE OF GOOD FAITH CONFERENCE; UNABLE TO CONFER**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion but has been unable to do so. The reasonable efforts made were specifically as follows:

Chris Damitio and Kathleen Geyer, associates with the law firm Kilpatrick Townsend and Stockton LLP and counsel for Valve, have been attempting to discuss Ms. Kazanjian's availability for deposition and possession of responsive documents for several weeks, writing emails or placing calls on March 21, April 1, April 9, April 11, April 18, April 28, and May 6, 2025, as detailed in this Motion. Valve attorneys have been unable to reach Ms. Kazanjian's counsel since April 14, 2025.

DATED:  May 27, 2025

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

/s/ Parker A. Lewton
Parker Lewton
FL State Bar No. 1002490
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6022
Facsimile:  (404) 815-6555
plewton@ktslaw.com

Dario A. Machleidt
(*pro hac vice* pending)
Suite 3700, 1420 Fifth Avenue
Seattle, WA  98101
Telephone: (206) 467-9600
Facsimile:  (206) 623-6793
dmachleidt@ktslaw.com

Andrea A. Anderson
(*pro hac vice* pending)
1400 Wewatta Street, Suite 600
Denver, Colorado, 80202
Telephone: (303) 607-3233
Facsimile:  (336) 232-9738
andie.anderson@ktslaw.com

Attorneys for Plaintiff Valve Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Petitioner Valve Corporation's Memorandum of Law in Support of Its Motion to Compel Constance Kazanjian to Sit for a Deposition and to Produce Documents has been furnished on this 27th day of May 2025 to all counsel of record, via filing with CM/ECF and via U.S. First-Class mail postage prepaid to:

Constance Kazanjian
10350 W Bay Harbor Dr., Apt. 8T
Bau Harbor Islands, FL 33154-1259

John B. Agnetti
Hoffman, Larin & Agnetti, P.A.
909 North Miami Beach Blvd, #201
Miami, FL 33162

/s/ Parker A. Lewton
Parker A. Lewton Florida Bar No. 1002490