# EXHIBIT 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | | |
|---|---|---|
| VALVE CORPORATION | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 23-cv-1016-JNW |
| ROTHSCHILD ET AL. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Constance Kazanjian
10350 W Bay Harbor Dr., Apt. 8T, Bay Harbor Islands, FL 33154-1259

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Schedule A attached herewith.

| Place: Nationwide Legal, LLC c/o F.E.D. Process Servers, Inc. 5079 N. Dixie Hwy. #330, Oakland Park, FL 33334 or at a mutually agreeable time and place | Date and Time: 03/24/2025 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/04/2025

                    *CLERK OF COURT*
                                                          OR
_____         /s/ Dario A. Machleidt
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Valve Corporation , who issues or requests this subpoena, are:

Dario A. Machleidt; 1420 5th Ave #3700, Seattle, WA 98101; DMachleidt@kilpatricktownsend.com; (206) 467-9600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-1016-JNW

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1. "You" or "Your," means Constance Kazanjian, the person to whom this subpoena is addressed.

2. "Valve" means Valve Corporation.

3. "Defendants" means, collectively, all of the following people and entities: Leigh Rothschild ("Rothchild"); Rothschild Broadcast Distribution Systems, LLC ("RBDS"); Display Technologies, LLC ("Display Technologies"); Patent Asset Management ("PAM"); Samuel Meyler ("Meyler") and Meyler Legal PLLC ("Meyler Legal") (Meyler and Meyler Legal, collectively, are the "Meyler Defendants"). "Defendants" includes any current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, or anyone acting or purporting to act on behalf of or under the control of any of the Defendants. Each of the Defendants may be referred to, individually, as a "Defendant."

4. "Related Company" means any entities other than the named parties that are subsidiaries or affiliates of any of the Defendants, or are directly or indirectly owned, controlled, or directed by Rothschild, in whole or in part, including any company for which Rothschild acts as the registered agent.

5. "*Kazanjian v. Rothschild*" means the case captioned *Kazanjian v. Leigh Rothschild et al.*, Case No. 2017-8246-CA-01, filed in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.

6. "Kazanjian Complaint" refers to Your Complaint in *Kazanjian v. Rothschild*, filed on April 5, 2017.

7. "Document" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and by Rule 1001 of the Federal Rules of Evidence. If a draft Document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical Document is a separate Document.

8. "Thing" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure.

9. "Communication" means any transmission of information, whether oral or in writing, including drafts.

10. "Demand Letter" means any Communication, regardless of form, sent by You on behalf of a Defendant to any third party.

11. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

12. "All" and "each" should be construed as "and," "each," and "and/or."

13. "Any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.

### INSTRUCTIONS

1. The Court in the above-captioned case entered the Protective Order attached as Exhibit A.

**REQUESTS FOR PRODUCTION**

1. All Documents, Communications, and Things related to the *Kazanjian v. Rothschild* case. For clarity, this excludes any publicly available filings from that case but includes non-public filings, discovery responses, deposition transcripts, hearing transcripts, and Communications between the parties.

2. All Documents, Communications, and Things related to Your allegation made in paragraph 60 of the Kazanjian Complaint, that "KAZANJIAN designed and implemented one of the largest patent assertion companies in the United States."

3. All Documents, Communications, and Things related to Your allegation made in paragraph 72 of the Kazanjian Complaint, that "when settlement monies are received they do not flow to the corporation named as a Plaintiff in the suit, instead the money is transferred to Defendant, ROTHSCHILD TRUST HOLDING, LLC., where it is fraudulently converted for ROTHSCHILD's personal use in order to defraud creditors."

4. Documents sufficient to show and describe the historical corporate structure of Defendants and Related Companies, including Documents sufficient to show and describe any corporate formalities.

5. Documents sufficient to show the dates of Your prior employment with Defendants or a Related Company and your job responsibilities while employed by a Defendant or Related Company.

6. All Documents, Communications, and Things regarding Your role in the operation of Defendants or any Related Company, including, but not limited to, identifying companies to target with Demand Letters, researching and drafting Demand Letters, engaging in licensing or settlement negotiations with companies on behalf of Defendants or any Related

Company, and coordinating and/or directing lawsuits filed by Defendants or any Related Company.

7. Documents sufficient to show the policies or procedures of Defendants or a Related Company regarding identification and selection of companies to send Demand Letters to.

8. Documents sufficient to show the policies or procedures of Defendants or a Related Company regarding offers made to companies to license patents owned by Defendants or a Related Company.

9. All files related to Display Technologies or RBDS, including, but not limited to, all files related to the assertion of any patents by Display Technologies or RBDS.

10. All Documents, Communications, and Things related to any investigation You performed on behalf of Defendants prior to a Demand Letter being sent by a Defendant.

11. All Communications between You and Rothschild, including all Communications between You and anyone acting on behalf of Rothschild.

12. All Communications between You and PAM, including all Communications between You and anyone acting on behalf of PAM, including all Communications between You and Daniel Falcucci.

13. All Communications between You and the Meyler Defendants.

14. All Demand Letters, including attachments, You have sent on behalf of any Defendant, any responses thereto, and any subsequent Communications with the recipient of the Demand Letter.

15. All Communications alleging that any Defendant or Related Company engaged in meritless, frivolous, or bad-faith assertions of patent infringement.

5

16. All Documents, Communications, and Things relating to any penalties or sanctions imposed by a Court on a Defendant or a Related Company, including those under 35 U.S.C. § 285, 28 U.S.C. § 1927, or Fed. R. Civ. P. 11.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number and address): <br> Dario A. Machleidt <br> KILPATRICK TOWNSEND & STOCKTON LLP <br> 1420 5th Ave #3700, Seattle, WA 98101 <br> TELEPHONE NO.: (206) 467-9600 \| FAX NO. \| E-MAIL ADDRESS (Optional): DMachleidt@kilpatricktownsend.com <br> ATTORNEY FOR (Name): Plaintiff: Valve Corporation | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON** <br> STREET ADDRESS: 700 STEWART STREET <br> CITY AND ZIP CODE: SEATTLE, WA 98101 <br> BRANCH NAME: WESTERN DISTRICT OF WASHINGTON | |
| **PLAINTIFF/PETITIONER:** VALVE CORPORATION <br> **DEFENDANT/RESPONDENT:** ROTHSCHILD ET AL. | CASE NUMBER: <br> 23-cv-1016-JNW |

| **PROOF OF SERVICE** | Hearing Date: <br> 3/24/2025 | Day | Hearing Time: <br> 9:00 AM | Dept: | Ref. No. or File No.: <br> 1393107 |
|---|---|---|---|---|---|

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
**I SERVED COPIES** OF THE FOLLOWING DOCUMENTS:

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; DECLARATION OF CUSTODIAN OF RECORDS**

PARTY SERVED: **Constance Kazanjian**

DATE & TIME: **3/15/2025**
**5:47 PM**

ADDRESS: **10350 W Bay Harbor Dr Apt 8T**
**Bay Harbor Islands, FL 33154-1259**

PHYSICAL DESCRIPTION:
- Age: Approx.: 60
- Weight: Approx.: 160
- Hair: Black
- Sex: Female
- Height: 5'4"
- Eyes: N/A
- Skin: Caucasian
- Marks:

MANNER OF SERVICE:
**Personal Service - By personally delivering copies.**

Fee for Service: **$ 266.00**
County: **Miami-Dade**
Registration No.: **2183**
**Nationwide Legal, LLC Reg: 12-234648**
**1625 Clay Street 4th Floor**
**Oakland, CA 94612**
**(510) 444-4690**
**Ref: 1393107**

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **March 18, 2025**.

Signature: _____
**Nancy Del Hierro**

**PROOF OF SERVICE**

982(a)(23)[New July 1, 1987]                                                                                                          Order#: SF251802/General