# EXHIBIT 7

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| VALVE CORPORATION, | § § | |
| Petitioner, | § § | Case No. 1:25-mc-22402 |
| v. | § § § | Related Case: Valve Corp. v. Leigh Rothschild et al., No. 23-cv-1016-JNW (W.D. Wash.) |
| CONSTANCE KAZANJIAN, | § § | |
| Respondent. | § | |

### DECLARATION OF CHRISTOPHER P. DAMITIO IN SUPPORT OF VALVE CORPORATION'S MOTION TO COMPEL CONSTANCE KAZANJIAN TO SIT FOR DEPOSITION AND TO PRODUCE DOCUMENTS

1. My name is Christopher P. Damitio. I am over the age of twenty-one years, of sound mind, and competent in all respects to make this Declaration. I have personal knowledge of the facts stated herein, and they are true and correct.

2. I am a member of the Bar of the State of Washington and an associate at the law firm Kilpatrick Townsend & Stockton LLP, Suite 3700, 1420 Fifth Avenue, Seattle, Washington 98101.

3. I am attorney of record in the Related Case, *Valve Corp. v. Leigh Rothschild et al.*, No. 23-cv-1016-JNW (W.D. Wash.).

4. I identified Constance Kazanjian, a former employee of Defendant Leigh Rothschild, as a witness likely to have information relevant to the Related Case.

5. I prepared the Subpoena to Testify at a Deposition in a Civil Action, dated March 4, 2025, to Constance Kazanjian.

6. I prepared the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated March 4, 2025, to Constance Kazanjian.

7. I am informed that both subpoenas were served on Ms. Kazanjian on March 15, 2025, at 5:47 pm. Filed herewith as Exhibits 2 and 3 are true and accurate copies of the subpoenas including proofs of service from Nationwide Legal, LLC.

8. On March 21, 2025, I was informed by another attorney at my firm, Dario Machleidt, that he had received a call from John Agnetti. Mr. Agnetti informed Mr. Machleidt that his firm, Hoffman, Larin & Agnetti represented Ms. Kazanjian with regards to the subpoenas served by her on Valve and asked us to reach out to him regarding the subpoenas.

9. On March 21, 2025, I attempted to call Mr. Agnetti. I was informed by a receptionist at Hoffman, Larin & Agnetti that Mr. Agnetti was unavailable. I left a message with the receptionist asking Mr. Agnetti to contact me.

10. In the morning of April 1, 2025, I again called the law firm Hoffman, Larin, & Agnetti and was told that Mr. Agnetti was unavailable. I again left a message with the receptionist asking Mr. Agnetti to contact me.

11. In the afternoon of April 1, 2025, Mr. Agnetti called me back. During the call, he told me that he was looking into Ms. Kazanjian's availability to sit for a deposition, as well as locating his files from Ms. Kazanjian's prior lawsuit against Mr. Rothschild. Mr. Agnetti informed me he would call me back with an update on this information on April 4, 2025.

12. I did not receive a phone call from Mr. Agnetti on April 4, 2025.

13. On April 9, I attempted to call Mr. Agnetti at his law firm and was told Mr. Agnetti was unavailable. I again left a message with the receptionist asking Mr. Agnetti to contact me.

14. On April 11, 2025, I sent an email to Mr. Agnetti. In the email, I asked him if he had been able to locate Ms. Kazanjian's prior case file or determine Ms. Kazanjian's availability to sit for a deposition.

15. Also on April 11, I attempted to call Mr. Agnetti at his law firm and was told Mr. Agnetti was unavailable. I again left a message with the receptionist asking Mr. Agnetti to contact me.

16. On April 14, 2025, Mr. Agnetti replied to my April 11 email, indicating that he was still attempting to locate Ms. Kazanjian's file.

17. I did not receive any further communication from Mr. Agnetti after April 14, 2025.

18. On April 18, 2025, I sent an email to Mr. Agnetti in which I asked him if he had located Ms. Kazanjian's file or if he had spoken to her to determine her availability for deposition.

19. On April 28, 2025, I sent another email to Mr. Agnetti in which I asked him if he had located Ms. Kazanjian's file or if he had spoken to her to determine her availability for deposition.

20. On May 6, 2025, Kathleen Geyer, another attorney at my firm, sent an email to Mr. Agnetti. In this email, Ms. Geyer reiterated my previous requests and asked for a response by May 9, 2025. Ms. Geyer indicated that our firm would seek court intervention if Mr. Agnetti did not reply by May 9, 2025.

21. I am informed that Ms. Geyer has not received a reply from Mr. Agnetti to her email of May 6, 2025.

22. I have not received any written or oral objections to the subpoenas dated March 4, 2025, to Ms. Kazanjian.

23. I am informed that no other member of my law firm has received any written or oral objections to the subpoenas dated March 4, 2025, to Ms. Kazanjian.

24. Filed herewith as Exhibit 8 is a true and accurate copy of an email chain between myself, Kathleen Geyer, and Mr. Agnetti, with email dates ranging from April 11, 2025, to May 6, 2025.

I declare the foregoing to be true and correct under penalty of perjury under the laws of the United States of America. Executed on May 22, 2025, in Seattle, Washington.

*/s/Christopher P. Damitio*
CHRISTOPHER P. DAMITIO