# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| VALVE CORPORATION, | § § | |
| Petitioner, | § § | Case No. 1:25-mc-22402 |
| v. | § § | Related Case: Valve Corp. v. Leigh Rothschild et al., No. 23-cv-1016-JNW |
| CONSTANCE KAZANJIAN, | § § | (W.D. Wash. July 7, 2023) |
| Respondent. | § § | |

**PETITIONER VALVE CORPORATION'S RENEWED MOTION TO COMPEL CONSTANCE KAZANJIAN TO SIT FOR A DEPOSITION AND TO PRODUCE DOCUMENTS AND INCORPORATED MEMORANDUM OF LAW**

On May 27, 2025, Petitioner Valve filed a Motion to Compel ("First Motion") in this Court to enforce subpoenas *ad testificandum* and *duces tecum* served on Ms. Kazanjian as a third-party witness in possession of evidence relevant to *Valve Corp. v. Rothschild*, filed in the Western District of Washington (the "Washington Case"). The Washington Case was stayed for forty-five days beginning on June 3, 2025. On June 4, 2025, Ms. Kazanjian's attorney, Mr. John Agnetti, executed a stipulation that Ms. Kazanjian would consent to a remote deposition at a time to be negotiated in good faith after the Washington Case resumes from stay. The following day, this Court dismissed the First Motion as moot.

The stay in the Washington Case ended on July 18, 2025, and Valve has been unable to reach Mr. Agnetti since then. To preserve its rights to relevant evidence, Valve renews its petition to this Court to compel Ms. Kazanjian to sit for a deposition and to produce documents. Additionally, Valve seeks its costs incurred in the course of being forced to seek—for the second time—a judicial remedy to compel Ms. Kazanjian to comply with her discovery obligations.

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| **I.** | Introduction and Factual Background............................................................................1 | | |
| **II.** | Argument .......................................................................................................................2 | | |
| | A. | Ms. Kazanjian's obligation to sit for a deposition is undisputed. ...............................................................................................2 | |
| | B. | Valve requests the attorneys' fees and costs it incurred to re-open this actions due to counsel's failure to respond. ...................2 | |

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| 1 | Minute Entry for proceedings entered June 3, 2025, *Valve Corp. v. Rothschild et al.* |
| 2 | Order setting new schedule entered July 29, 2025, *Valve Corp. v. Rothschild et al.* |
| 3 | Email chain between Valve attorneys and John Agnetti |

I.       **INTRODUCTION AND FACTUAL BACKGROUND**

Petitioner Valve Corporation ("Valve") served Constance Kazanjian with subpoenas *ad testificandum* and *duces tecum* on March 15, 2025, to obtain evidence relevant to *Valve v. Rothschild*, No. 23-cv-1016-JNW (W.D. Wash. July 7, 2023) (the "Washington Case"). Dkt. 1-1. Ms. Kazanjian is represented by Mr. John B. Agnetti of Hoffman, Larin, & Agnetti, P.A. Valve attempted to schedule a deposition and to set a date for the production of documents through Mr. Agnetti but, after some initial communications, was unable to reach him for the period between April 14, 2025, and May 27, 2025. *Id.* On May 27, Valve filed a Motion to Compel Constance Kazanjian to Sit for a Deposition and to Produce Documents ("First Motion") as a miscellaneous action in this Court, which has authority to enforce the subpoenas. *Id.*

On June 3, 2025, the court in the Washington Case ordered a stay of forty-five days to allow the defendants in that case to replace withdrawing counsel. Declaration of Dario Machleidt ("Machleidt Decl.") at Ex. 1. The following day, Ms. Kazanjian executed a stipulation through Mr. Agnetti that she would consent to a remote deposition at a time to be negotiated in good faith after the Washington Case resumes from stay. Dkt. 17-1, at 10. On June 5, 2025, this Court dismissed the First Motion as moot. Dkt. 20.

The Washington Case resumed on July 18, 2025, and the court there entered a new scheduling order setting August 29, 2025, as the close of fact discovery. Machleidt Decl. at Ex. 2. On July 15, Mr. Agnetti sent an email to Valve suggesting a deposition date of August 11, 2025. *Id.* at Ex. 3. Valve replied on the same day, requesting confirmation from Ms. Kazanjian. *Id.* at Ex. 3. Since this time, Valve has not heard from Mr. Agnetti despite repeated attempts to reach him on July 17, 18, and 27, and August 8 and 11. *Id.* at Ex. 3. On August 8, Valve included Mr. Agnetti's colleagues, Mr. David Perkins and Mr. Martin Hoffman, in the correspondence in case Mr. Agnetti was unable to respond. *Id.* A paralegal responded saying that "Mr. Agnetti is out of the office until Monday [August 11]. He'll advise then regarding the below." *Id.*

Mr. Agnetti did not respond on Monday, August 11. Valve followed up a final time informing Mr. Agnetti that if a confirmation was not received the following morning, Valve would seek court intervention. *Id.* Mr. Agnetti still has not responded.

To preserve its rights to evidence relevant to the Washington Case, Valve requests to reopen this miscellaneous action and asks the Court: to compel Ms. Kazanjian to produce any responsive documents within three days of the Court's Order; and sit for a deposition within seven days of the Court's Order.

## II.   ARGUMENT

### A.   Ms. Kazanjian's obligation to sit for a deposition is undisputed.

Ms. Kazanjian has not disputed her obligation to sit for a deposition nor this Court's authority to enforce that obligation. Through Mr. Agnetti, she stipulated that "the deposition will be scheduled" and "to resume negotiations in good faith about a date and start time for Ms. Kazanjian's deposition once the [Washington Case] stay is lifted." Dkt. 17-1, at 10.

But despite this stipulation, Ms. Kazanjian's attorney, Mr. Agnetti, has failed to respond to all attempts to reach him since July 15. Machleidt Decl. at Ex. 3. While Mr. Agnetti confirmed availability for the deposition to go forward on August 11, 2025, he failed to follow up with any confirmation, and that date has come and gone. *Id.* In the most recent correspondence, Valve also included Mr. Agnetti's colleagues who informed Valve that Mr. Agnetti would respond this week. *Id.* That did not happen.

The close of fact discovery in the Washington Case—August 29, 2025—is looming once again. Valve thus renews its request for the relief sought in its First Motion: that Ms. Kazanjian be compelled to sit for a deposition and to produce documents. The same authority and reasoning Valve cites in the First Motion remain applicable, and Ms. Kazanjian has stipulated to, but not fulfilled, her obligation to comply with the subpoenas.

### B.   Valve requests the attorneys' fees and costs it incurred to re-open this action due to counsel's failure to respond.

"The court for the district where compliance [with a subpoena] is required ... may hold

in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "Common sanctions include a fine and/or confinement levied against the party held in contempt." *Smith v. Wren*, No. 24-81074-MC, 2025 WL 1903040, at *1 (S.D. Fla. July 9, 2025) (citing *In re Dinnan*, 625 F.2d 1146, 1149 (11th Cir. 1980)). Here, Valve does not seek sanctions against Ms. Kazanjian as her non-compliance does not appear to be the result of her own actions, but those of her attorney, Mr. Agnetti.

Due to Mr. Agnetti's repeated failure to respond to Valve both prior to the First Motion and again after guaranteeing to the Court that he would timely respond to Valve, Valve seeks its attorneys' fees and costs for filing its Motion to Reopen and this renewed Motion to Compel against Mr. Agnetti under 28 U.S.C. § 1927 and the Court's inherent authority. *See Byte Fed., Inc. v. Lux Vending LLC*, No. 8:23-CV-102-MSS-SPF, 2023 WL 7043266, at *4 (M.D. Fla. Oct. 26, 2023). Under either test, Mr. Agneetti's actions were in bad faith.

Under Section 1927:

> First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.*, the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (quoting *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)).

The Court "may also impose sanctions for litigation misconduct under its inherent power." *Byte Fed., Inc. v. Lux Vending LLC*, No. 8:23-CV-102-MSS-SPF, 2023 WL 7043266, at *4 (M.D. Fla. Oct. 26, 2023) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009)). The Court's power to sanction under its inherent authority "extends to a full range of litigation abuses and is 'vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (citing *Miller v. Midland Credit Mgmt., Inc.*, No. 20-13390, 2021 WL 4240972, at * 2 (11th Cir. Sept. 17, 2021)). The Court "may exercise this power 'to sanction the willful disobedience of a court

order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *Marx v. Gen. Revenue Corp.*, 568 U.S. 371 (2013)).

Under either standard, the fact that Mr. Agnetti twice ignored Valve for over a month is bad-faith behavior. Mr. Agnetti's recent month-long failure to respond to Valve's numerous requests to schedule Ms. Kazanjian's deposition (in violation of his representations to the Court (*see, e.g.*, Dkt. 17-1 at 10)) would be unreasonable under any circumstances, but is especially unreasonable because Mr. Agnetti repeated the same behavior that forced Valve to file the First Motion. Further, this unreasonable lack of communication vexatiously multiplied the proceedings by forcing Valve to seek to reopen this matter and compel Ms. Kazanjian's agreed-upon compliance with Valve's subpoenas.

Under Section 1927 and the Court's inherent authority, Valve seeks the costs, expenses, and attorneys' fees reasonably incurred in filing the Motion to Reopen and Motion to Compel. As those costs are continuing to accumulate as of the filing of this Motion, Valve requests separate briefing on the accounting of any such costs, expenses, and attorneys' fees reasonably incurred after Ms. Kazanjian's compliance with the subpoena to account for any additional proceedings that may be necessary.

## **CERTIFICATE OF GOOD FAITH CONFERENCE; UNABLE TO CONFER**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion but has been unable to do so. The reasonable efforts made were specifically as follows:

Dario Machleidt and Kathleen Geyer, attorneys with the law firm Kilpatrick Townsend and Stockton LLP and counsel for Valve, have been attempting to discuss Ms. Kazanjian's availability for deposition and possession of responsive documents for several weeks. After Ms. Kazanjian's counsel proposed a deposition date on July 15, 2025, he has failed to respond to emails dated July 15, July 17, July 18, July 27, and August 8, and August 11, 2025. In addition, Mr. Machleidt attempted to call Mr. Agnetti on at least August 4 and got ahold of a receptionist with whom he left his contact information. In addition, the last two emails on August 8 and August 11 included Mr. Agnetti's colleagues and included Valve's request to seek sanctions against Mr. Agnetti.

August 15, 2025

                                                            Respectfully submitted,

                                                            KILPATRICK TOWNSEND & STOCKTON LLP

/s/ *Parker A. Lewton*
Parker A. Lewton
FL State Bar No. 1002490
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
T: (404) 815-6022
F: (404) 815-6555
E: plewton@ktslaw.com

Dario A. Machleidt
(admitted *pro hac vice*)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
T: (206) 467-9600

- 7 -

F: (206) 623-6793
E: dmachleidt@ktslaw.com

Andrea A. Anderson
(admitted *pro hac vice*)
1400 Wewatta Street, Suite 600
Denver, Colorado, 80202
T: (303) 607-3233
F: (336) 232-9738
E: andie.anderson@ktslaw.com

Kathleen R. Geyer
(admitted *pro hac vice*)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
T: (206) 516-3094
F: (206) 299-3458
E: KGeyer@ktslaw.com

*Attorneys for Plaintiff Valve Corporation*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing Petitioner Valve Corporation's Renewed Motion to Comple Constance Kazanjian to Sit for a Deposition and to Produce Documents and Incorporated Memorandum of Law has been furnished on this 15th day of August, 2025, to all counsel of record, via filing with CM/ECF and via U.S. First-Class mail postage prepaid to:

    Constance Kazanjian
    10350 W Bay Harbor Dr., Apt. 8T
    Bau Harbor Islands, FL 33154-1259

    John B. Agnetti
    Hoffman, Larin & Agnetti, P.A.
    909 North Miami Beach Blvd, #201
    Miami, FL 33162

/s/ Parker A. Lewton
Parker A. Lewton
Florida Bar No. 1002490