UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| VALVE CORPORATION,<br>　　　Petitioner, | |
| | Case No. 1:25-mc-22402 |
| v. | |
| | Related Case: Valve Corp v. Leigh |
| | Rothchild et al., No. 23-cv-1016-JNW |
| CONSTANCE KAZANJIAN | (W.D. Wash. July 7, 2023) |
| 　　　Respondent. | |

## RESPONSE IN GOOD FAITH TO THE COURT'S ORDER TO SHOW CAUSE DATED AUGUST 26, 2025

1.　　On or about June 04, 2025, the undersigned executed a stipulation for Respondent to appear at a remote deposition. The parties subsequently agreed that Respondent would sit for deposition on August 11, 2025. At no time did Petitioner provide the undersigned with a Notice for Taking Deposition for August 11, 2025. Fed. R. Civ. P. 30(b)(1) requires that the Petitioner to provide undersign with a Notice for Deposition and the Petitioner failed to do so. See: *Deepgulf, Inc. v. Moszkowski*, 330 F.R.D. 600 (N. D. Fla. Jan 30, 2019)("Rule 30(b)(1) states: "A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition . . . ." Fed. R. Civ. P. 30(b)(1). Thus, to initiate a deposition of an opposing party, the deposing party must first notice the deposition by serving the notice on the opposing party. See *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018) ("The only requirement is that the party be 'served with proper notice' of the deposition beforehand."). "If a person is a party, a simple notice of deposition is sufficient to compel attendance . . . ." *Jules Jordan Video, Inc.*, 617 F.3d at 1158; *Peitzman v. City of Illmo*, 141 F.2d 956, 960 (8th Cir. 1944) ("Service of the notice upon the attorney for defendants was all that was required to make it incumbent upon the parties to appear.");").

2.　　Respondent is a non-party and as such a Notice of Taking Deposition is required to ensure that she attends a deposition. Additionally, the Notice of Taking Deposition serves to place

other person(s) on formal notice that the Respondent is required to attend a deposition on the date contained on the notice.

3. Moreover, the undersigned had returned from vacation on August 10, 2025, and was hospitalized on August 19, 2025, for a medical procedure on his heart.

4. Exhibit 3 to Petitioner's Renewed Motion to Compel Constance Kazanjian to Sit for a Deposition and to Produce Documents and Incorporated Memorandum of Law (hereinafter "Motion to Compel"), shows that the Parties had agreed to conduct the Respondent's deposition on August 11, 2025.

5. However, Petitioner never filed or served a Notice of Taking Deposition for August 11, 2025. It is not possible for the undersigned to properly dairy and advise his client of a deposition without first receiving proper notice.

6. Additionally, discovery had been stayed in this case, and undersigned was unaware if the stay had been lifted or not.

7. Petitioner's filing of the Motion to Compel was made necessary solely due to the lack of diligence of the Petitioner, who failed to provide the undersigned with a Notice of Taking Deposition for August 11, 2025, as the parties had agreed.

8. Respondent is willing and able to attend a deposition, and undersigned has provided dates to the Petitioner various dates in which Respondent is available to sit for deposition.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via filing with CM/ECF to all counsel of record on August 29, 2025

> HOFFMAN, LARIN & AGNETTI, P.A.
> 909 North Miami Beach Boulevard
> Suite 201
> North Miami Beach, Florida 33162
> Telephone: (305) 653-5555
> Facsimile: (305) 940-0090
> Email: pleadings@hlalaw.com
>
> By: /s/ <u>John B. Agnetti</u>
> John B. Agnetti, Esq.
> Florida Bar No. 359841