UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| VALVE CORPORATION, | § § | |
| Petitioner, | § § | Case No. 1:25-mc-22402 |
| v. | § § § | Related Case: Valve Corp. v. Leigh Rothschild et al., No. 23-cv-1016-JNW |
| CONSTANCE KAZANJIAN, | § § | (W.D. Wash. July 7, 2023) |
| Respondent. | § § | |

**PETITIONER VALVE CORPORATION'S REPLY TO
JOHN B. AGNETTI'S RESPONSE TO SHOW CAUSE ORDER**

Mr. Agnetti's Response (ECF No. 29, hereinafter "Response") to this Court's show cause order (ECF No. 28) confirms that fees are appropriate.

Mr. Agnetti misstates what actually took place during the time he stopped responding to Valve's counsel. He contends that the "parties subsequently agreed that Respondent [Kazanjian] would sit for deposition on August 11, 2025." Response ¶ 1. That is false. The Parties never reached agreement on a deposition date because Mr. Agnetti gave only *his* availability—he never told Valve what dates worked for his client:

> From: John Agnetti <john@hlalaw.com>
> Sent: Tuesday, July 15, 2025 11:53 AM
> To: Geyer, Kate <KGeyer@ktslaw.com>; Machleidt, Dario <dmachleidt@ktslaw.com>
> Subject: RE: Valve v. Rothschild et al - Kazanjian subpoena | motion to compel | June 5 hearing
>
> I am available on August 11th.
>
> John B. Agnetti, Esq.

ECF No. 23, Ex. 3. Despite repeated attempts by Valve's counsel to confirm whether "Ms. Kazanjian confirmed August 11 worked for her" as well, Mr. Agnetti simply chose not to respond. The email chain Valve attached to its motion makes this fact clear:

> From: Geyer, Kate
> Sent: Tuesday, July 15, 2025 12:27 PM
> To: John Agnetti <john@hlalaw.com>; Machleidt, Dario <dmachleidt@ktslaw.com>
> Subject: RE: Valve v. Rothschild et al - Kazanjian subpoena | motion to compel | June 5 hearing
>
> Great – if you can confirm that Ms. Kazanjian is as well, we'll hold that date.

> From: Geyer, Kate <KGeyer@ktslaw.com>
> Sent: Thursday, July 17, 2025 10:57 AM
> To: John Agnetti <john@hlalaw.com>; Machleidt, Dario <dmachleidt@ktslaw.com>
> Subject: RE: Valve v. Rothschild et al - Kazanjian subpoena | motion to compel | June 5 hearing
>
> Hi John –
>
> Just circling back around to see if Ms. Kazanjian confirmed August 11 worked for her.

> From: Machleidt, Dario <dmachleidt@ktslaw.com>
> Sent: Friday, July 18, 2025 3:11 PM
> To: Geyer, Kate <KGeyer@ktslaw.com>; John Agnetti <john@hlalaw.com>
> Subject: RE: Valve v. Rothschild et al - Kazanjian subpoena | motion to compel | June 5 hearing
>
> John,
>
> The stay is set to expire today, which means we need to start locking down dates sooner rather than later. Please confirm that August 11 works for your client. Thank you.

> From: Machleidt, Dario <dmachleidt@ktslaw.com>
> Sent: Sunday, July 27, 2025 7:04 PM
> To: John Agnetti <john@hlalaw.com>
> Cc: Geyer, Kate <KGeyer@ktslaw.com>
> Subject: RE: Valve v. Rothschild et al - Kazanjian subpoena | motion to compel | June 5 hearing
>
> John, following up. Please confirm that August 11 works for you and your client. Thank you.

> From: "Geyer, Kate" <KGeyer@ktslaw.com>
> Date: 8/8/25 2:19 PM (GMT-05:00)
> To: "Machleidt, Dario" <dmachleidt@ktslaw.com>, John Agnetti <john@hlalaw.com>
> Cc: David Perkins <davidp@hlalaw.com>, Martin Hoffman <mhoffman@hlalaw.com>
> Subject: RE: Valve v. Rothschild et al - Kazanjian subpoena | motion to compel | June 5 hearing
>
> Hi John -
>
> We haven't heard from you for over three weeks. Mr. Hoffman and Mr. Perkins, I include you on this email in case Mr. Agnetti is out, sick, or has something else going on that is preventing him from working.
>
> By August 12, we require a response on Ms. Kazanjian's availability for a remote deposition during the week of September 1, or we will seek court intervention again. Given your lack of confirmation despite our repeated requests, August 11 no longer works. Your previous failures to respond to us forced us to go to the Court once, and you represented to the Court that you would timely respond to us going forward to secure a dismissal of that action. While you initially appeared to abide by that promise to the court, your lack of response for over three weeks is unacceptable. Should we be forced to seek court intervention again, we will be asking for all our fees and costs.
>
> Please feel free to call me to discuss.

ECF No. 23, Ex. 3. Mr. Agnetti, however, represents in his Response that "Exhibit 3 to Petitioner's Renewed Motion to Compel … shows that the Parties had agreed to conduct the Respondent's deposition on August 11, 2025." Response ¶ 4. The above screenshots—taken directly from the same Exhibit 3 to which Mr. Agnetti cites—show that the Parties never reached any "agree[ment]" because Mr. Agnetti went silent.

That said, Mr. Agnetti is correct that "[a]t no time did Petitioner [Valve] provide the undersigned with a Notice for Taking Deposition for August 11, 2025." Response ¶ 1. Two reasons justify this fact. *First*, because counsel were negotiating, Valve would not serve a notice with a date before the deponent confirmed her availability on that date (which, as shown throughout the one-sided email chain, never happened). *Second*, Ms. Kazanjian is a third party to the Valve lawsuit. That is why Valve served a *Rule 45 subpoena on her*—which the Response ignores—rather than a Rule 30(b)(1) notice. Even Mr. Agnetti quotes cases confirming the uncontroversial proposition that "to initiate a deposition of an opposing party, the deposing party must first notice the deposition by serving the notice on the opposing party." Response ¶ 1 (citation omitted).

Mr. Agnetti alleges that it was impossible for him "to properly dairy [sic] and advise his client of a deposition without first receiving proper notice." Response ¶ 5. To the extent he truly believes this allegation, it is a blatant attempt to elevate form (a notice) over substance (actually responding to Valve's counsel). Mr. Agnetti also contends that he "was unaware if the stay had been lifted or not." *Id.* This is also factually untrue. On July 18, Valve's counsel—as shown above—emailed Mr. Agnetti that the "stay is set to expire today." ECF No. 23, Ex. 3. Mr. Agnetti knew the reality of the situation.

Remarkably, Mr. Agnetti attempts to turn the tables around on Valve. He contends that Valve's second motion "was made necessary solely due to the lack of diligence of the Petitioner, who failed to provide the undersigned with a Notice of Taking Deposition for August 11, 2025, as the parties had agreed." Response ¶ 7. No part of this conclusion is true. The reason the Parties are once more before this Court falls squarely on Mr. Agnetti's shoulders. This Court instructed the Parties to "make sure that any further communications are efficient" and that they "[t]ry not to let too much time go by … without responding to e-mails or phone calls." Mot. Hr'g 10:2–5 (attached as **Exhibit 1**). Almost immediately after the hearing, Mr. Agnetti reverted to his nonresponsive ways and now attempts to blame Valve for his lack of communication.

Respectfully, for both compensatory and deterrence purposes, Valve requests the fees and costs it incurred in bringing this dispute to the Court a second time.

DATED: August 29, 2025

                                                  Respectfully submitted,

                                                  KILPATRICK TOWNSEND & STOCKTON LLP

                                                  */s/ Parker A. Lewton*  
                                                  Parker A. Lewton  
                                                  FL State Bar No. 1002490  
                                                  1100 Peachtree Street NE, Suite 2800

Atlanta, GA 30309  
T: (404) 815-6022  
F: (404) 815-6555  
E: plewton@ktslaw.com  

Dario A. Machleidt  
(admitted *pro hac vice*)  
1420 Fifth Avenue, Suite 3700  
Seattle, WA 98101  
T: (206) 467-9600  
F: (206) 623-6793  
E: dmachleidt@ktslaw.com  

Andrea A. Anderson  
(admitted *pro hac vice*)  
1400 Wewatta Street, Suite 600  
Denver, Colorado, 80202  
T: (303) 607-3233  
F: (336) 232-9738  
E: andie.anderson@ktslaw.com  

Kathleen R. Geyer  
(admitted *pro hac vice*)  
1420 Fifth Avenue, Suite 3700  
Seattle, WA 98101  
T: (206) 516-3094  
F: (206) 299-3458  
E: KGeyer@ktslaw.com  

*Attorneys for Plaintiff Valve Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 29th day of August 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Parker A. Lewton*
Parker A. Lewton
Florida Bar No. 1002490