# EXHIBIT 1

```
                    THE UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA

                             MIAMI DIVISION

                       CASE NO.:  25-mc-22402-KMW


VALVE CORPORATION,              )
                                )
             Plaintiff,         )
v.                              )        June 5, 2025
                                )
CONSTANCE KAZANJIAN,            )
                                )        Pages 1 - 12
             Defendant.         )
_____/




                            MOTION HEARING

              BEFORE THE HONORABLE JONATHAN GOODMAN
               UNITED STATES CHIEF MAGISTRATE JUDGE




APPEARANCES:


Counsel on behalf of the Plaintiff:

              KILPATRICK TOWNSEND & STOCKTON LLP
              1420 Fifth Avenue,
              Suite 3700,
              Seattle, WA 98101
              BY:  KATHLEEN R. GEYER, ESQ.
              BY:  ANDREA A. ANDERSON, ESQ.
```

```
 1
 2   APPEARANCES CONTINUED:
 3   Counsel on behalf of the Defendant:
 4              HOFFMAN LARIN & AGNETTI
                909 North Miami Beach Boulevard,
 5              Suite 201,
                North Miami Beach, FL 33162
 6         BY:  JOHN B. AGNETTI, ESQ.
 7
 8
 9
     Transcribed By:
10
                BONNIE JOY LEWIS, R.P.R.
11              7001 SW 13 Street
                Pembroke Pines, FL  33023
12              954-985-8875
                caselawreporting@gmail.com
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1              (Thereupon, the following proceeding was held:)
2              THE COURT:  Good afternoon, folks.
3              This is Jonathan Goodman.  We are here for a 4:00 p.m.
4     discovery hearing.
5              Trina, call the case, please.
6              THE COURTROOM DEPUTY:  The United States District
7     Court is now in session.  The Honorable Chief Magistrate Judge
8     presiding.
9              Calling case Milstein versus Wells Fargo Bank N.A.;
10    Case Number 24-cv-22142-Gayles.
11             Counsel, please state your appearance for the record.
12             THE COURT:  Trina, I think you are calling the wrong
13    case.  We are here for Valve Corporation versus Kazanjian.
14             THE COURTROOM DEPUTY:  I'm sorry , Judge.
15             THE COURT:  That's okay.
16             So I believe the correct case citation is Valve
17    Corporation versus Kazanjian; Case Number 25-mc-22402.  And I
18    think the Milstein case is tomorrow afternoon.
19             But, in any event, let's have appearances starting
20    with the Plaintiff, please.
21             MS. GEYER:  Good afternoon, Your Honor.  My name is
22    Kate Geyer on behalf of Valve.
23             With me are my colleagues, Andrea Anderson, who will
24    handle argument today.  And then, we have a summer associate at
25    our law firm Miss Rachel Katz that we would like her view the

```
 1  hearing day, if that is acceptable to you.
 2          THE COURT:  Sure.  It is a public courtroom and law
 3  clerks always welcome.
 4          Miss Katz, where do you go to law school?
 5          MS. KATZ:  Good afternoon, Your Honor.  I currently
 6  attend USC Gold Law School.
 7          THE COURT:  In Las Angeles?
 8          MS. KATZ:  Correct.
 9          THE COURT:  Well, welcome.  What year are you in?
10          MS. KATZ:  I am a rising 3, Your Honor.
11          THE COURT:  Great.
12          And who is here for the witness, who is actually the
13  respondent, Miss Kazanjian.
14          MR. AGNETTI:  Good afternoon, Your Honor.  John
15  Agnetti on behalf of Miss Kazanjian.
16          THE COURT:  All right.  So I am happy to hear what you
17  would like to tell me.  You are the one who filed the motion to
18  compel.  So I am all ears.
19          MS. ANDERSON:  Good afternoon, Your Honor.
20          Like Miss Geyer said, my name is Andrea Anderson.  Is
21  my volume okay?  Can you hear me?
22          THE COURT:  Sure.
23          MS. ANDERSON:  Thank you, Your Honor.
24          THE COURT:  But you know what?  I just thought of
25  something.  I should have reminded all of you about our
```

```
 1  guidelines for Zoom hearings.
 2          Number one, no one is allowed to record or rebroadcast
 3  this hearing.  If you need a transcript, just put a request in
 4  through the Clerk's Office;
 5          Number two, please state your name before speaking.
 6  That way if anyone ever orders a transcript the court reporter
 7  will know who is speaking;
 8          And number three, please hesitate for about half a
 9  second before speaking to make sure that you do not
10  inadvertently interrupt persons speaking before you.
11          So please continue, Miss Anderson.
12          MS. ANDERSON:  Thank you, Your Honor.
13          Valve originally filed this action because we had sent
14  a subpoena to Miss Kazanjian, a former employee of the
15  Defendants in the underlying investigation.  She had valuable
16  information.
17          Mr. Agnetti informed us that he represented Miss
18  Kazanjian in this matter.  And we began discussions with him
19  around scheduling the deposition and collecting documents
20  responsive to the document subpoena.
21          After about a month or a few weeks of chatting with
22  him, we stopped being able to get ahold of him on the phone or
23  e-mail.
24          About a month and-a-half went by and we were closing
25  in on, at that point, the close of fact discovery and had a
```

1 belief that Miss Kazanjian was not going to ultimately respond
2 to our subpoena and filed this action in order to pursue a
3 deposition and document collection with her before that
4 impending deadline of June 25th.
5      During the pendency of this action and in response to
6 the notice of the hearing, we have been able to begin
7 communication again with Mr. Agnetti and he has graciously
8 agreed to stipulate that we would re-enter into negotiations
9 around scheduling of time, and format, and content of the
10 deposition.
11      And also, within the past 24 or 48 hours, we had some
12 changes in the underlying Washington case.  The Court heard a
13 motion to withdraw and a motion to stay the case there.
14      Defendant's counsel had move to withdraw and stay the
15 case.  The Court issued a stay and ordered the parties to not
16 conduct discovery for 45 days while Defendant found new counsel
17 for their case.
18      And the Court made clear that that stay did not apply
19 to this action in the Southern District of Florida, but we
20 obviously do not want to go forward with any deposition during
21 that stay in part because of that order not to engage in
22 discovery.
23      And also, to make sure that Defendants are able to
24 find counsel and they can appear on behalf of their own side of
25 the Washington case and adequately defend their case as well.

1              So, originally, we thought we were going to be in this
2    hearing today asking for the Court to rule in our favor on the
3    motion to compel today so that we could take that deposition
4    before June 25th.  Circumstances have changed.
5              So today we are asking Your Honor to defer ruling on
6    the motion, on the merits of the motion, while we wait out that
7    stay.
8              And during that stay we are going to continue to
9    communicate with Mr. Agnetti around getting this scheduled at a
10   time that is convenient for his client.  And also, acceptable
11   and within the bounds of what the Court has asked us to do in
12   Washington.
13             During that time we are happy to provide the Court
14   with status updates, both on Mr. Agnetti and our conversation
15   around getting Miss Kazanjian ready for a deposition and
16   searching for documents.
17             We are also happy to provide the Court an update after
18   that 45-day stay period about what is happening in Washington.
19   It could be that Defendant is able to find counsel.  And after
20   45 days the case begins and the Court sets new deadlines and we
21   have certainty about the amount of time that we have.
22             It could be that Defendant needs additional time to
23   find counsel and the stay continues.  So we propose providing
24   you a status update, then, as well.
25             Thank you, Your Honor.

```
 1              THE COURT:  Mr. Agnetti?
 2              MR. AGNETTI:  Yes, Your Honor.  John Agnetti on behalf
 3   of Miss Kazanjian.
 4              I actually entered into a stipulation that I advised
 5   opposing counsel to submit to the Court that says --
 6              THE COURT:  She has and I have read.  It was filed.
 7              MR. AGNETTI:  So the concern that my client had is a
 8   couple of things.
 9              My client was in very contentious litigation in her
10   underlying case with the same Defendant, Mr. Rothschild.  She
11   really does not want to get dragged into more litigation.
12              There was a confidentiality provision in our
13   settlement agreement and we have now worked out with opposing
14   counsel that they will not touch on the settlement terms or the
15   contents of that settlement and that we would coordinate a
16   deposition of Miss Kazanjian.
17              She would have been here today, but she is presently
18   in Italy.  And it was short notice and so I could not get her
19   on board.  So it is not our intent to disregard the Court's --
20   and I've been talking off and on.
21              Miss Kazanjian is also involved in some contentious
22   litigation in state court in Miami involving some prominent
23   individuals in Miami that has been taking up a lot of her, and
24   my time, as a lawyer.
25              So I do apologize to opposing counsel if we did not
```

```
 1  timely get back to them on some of these issues, but we will be
 2  more than happy to appear at deposition with the assistance of
 3  counsel.  And I am sure that we can work out a time some time
 4  after the stay has been either lifted, or continued, or
 5  whatever.  That's fine.
 6          THE COURT:  All right.  Well, thank you for that
 7  update.  I did review the stipulation and I am aware of the
 8  recent developments concerning the stay.
 9          Miss Anderson, concerning your request to defer
10  ruling, I am not going to do that.  Instead, what I am going to
11  do is deny your motion as moot because this action that we
12  currently are here on this afternoon, is what we call in the
13  legal business here in our district, a miscellaneous case.
14          You will see that the case number is 25-mc-22402,
15  which means that it is an-out-of-district discovery dispute.
16  And that is all the case is about and nothing else.
17          So we do not like to have these matters just lingering
18  around because it could be, therefore, months.  So, instead, I
19  am going to deny it as moot.
20          I am confident that if and when the stay is lifted in
21  Washington that you will be able to cooperate with Mr. Agnetti
22  and get those matters scheduled.
23          And therefore, as lovely as it is to see all of you,
24  and as terrific as it would be to have another meeting with
25  you, I think if I don't get involved again in this case again,
```

```
 1  I will be all right with that.
 2          So now that you folks have opened up the channels of
 3  communication, please make sure that any further communications
 4  are efficient.  Try not to let too much time go by, both sides,
 5  without responding to e-mails or phone calls.
 6          And I have no doubt, Mr. Agnetti, that you are busy.
 7  That is a mixed blessing sometimes as a lawyer.  You know, the
 8  opposite of not being busy is the phone never rings and that is
 9  not a good situation either.
10          So if you are busy, nevertheless, if you are getting a
11  phone call or an e-mail from Miss Anderson, or Miss Geyer, or
12  someone else, don't let too much time go by.  Don't let any
13  grass grow under your feet, to use an old expression, before
14  responding.
15          And Miss Katz, let me ask you a question because I am
16  a little bit familiar with USC.  My daughter got her Master's
17  Degree in Occupational Therapy at USC, but that was at the
18  separate health campus at USC.
19          Is the law school that you attend located near that
20  campus or are you in a completely different part of the city?
21          MS. KATZ:  Thank you for the question, Your Honor.
22          The law school is located on the main campus, which is
23  downtown in a separate location from the (inaudible).
24          THE COURT:  All right.  And so my daughter lived
25  pretty close to a place called -- is called Echo Park?  Am I
```

1  right about that?  Echo Lake, or Echo Park, or something like
2  that?
3           MS. KATZ:  Echo Park.  That is correct.
4           THE COURT:  And how far is that from the downtown
5  campus?
6           MS. KATZ:  About 35 minutes.
7           THE COURT:  All right.  And what are you doing this
8  summer?  Studying for the Bar exam or that is still a year
9  away?
10          MS. KATZ:  It is still a year away.  This summer I am
11 a summer associate at Kilpatrick Townsend and Stockton in the
12 patent litigation group.
13          THE COURT:  All right. Well, good.  Hopefully they
14 will keep you busy.
15          Here is one unsolicited tip.  Are you ready to receive
16 it?
17          MS. KATZ:  Yes, Your Honor.
18          THE COURT:  So, as a law clerk, there is no such thing
19 as a rough draft.  They may tell you that it is a rough draft.
20 It is not.
21          So whatever you turn in, make sure that it is the best
22 work product that you can do.  And even if they say it is a
23 rough draft, do not treat it that way because if it has typos
24 in it, analytical gaps, or God forbid that you use AI in your
25 citing a hallucinogenic nonexistent case, it is not going to be

```
 1  an adequate explanation to say, but Miss Anderson, you told me
 2  it was just a draft; okay?
 3          MS. KATZ:  Thank you, Your Honor.
 4          THE COURT:  Well, you know what free advice is worth.
 5  So thank you for listening.
 6           Good to see all of you folks.  Take care.  Be well.
 7  We will be in recess.  Bye now.
 8          MR. AGNETTI:  Thank you, Your Honor.
 9          MS. ANDERSON:  Thank you, Your Honor.
10          MS. GEYER:  Thank you, Your Honor.
11           (Thereupon, the proceedings concluded.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1
 2                          CERTIFICATE
 3
 4       I hereby certify that the foregoing transcript is an
 5  accurate transcript of the audiotape recorded proceedings in
 6  the above-entitled matter.
 7
 8
 9
10
    08/16/25                       Bonnie Joy Lewis,
11                          Registered Professional Reporter
                               CASE LAW REPORTING, INC.
12                             7001 Southwest 13 Street,
                              Pembroke Pines, Florida 33023
13                                   954-985-8875
14
15
16
17
18
19
20
21
22
23
24
25
```