UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

VALVE CORPORATION,
    Petitioner,

v.

CONSTANCE KAZANJIAN
    Respondent.

Case No. 1:25-mc-22402

Related Case: Valve Corp v. Leigh Rothchild et al., No. 23-cv-1016-JNW (W.D. Wash. July 7, 2023)

## EMERGENCY MOTION FOR PROTECTIVE ORDER

COMES NOW the Respondent, CONSTANCE KAZANJIAN (hereinafter "Ms. Kazanjian"), by and through undersigned counsel, hereby moves this Court pursuant to Federal Rules of Civil Procedure 26(c) for an entry of a protective order preventing Petitioner inquiring as to a Confidential Settlement Agreement (hereinafter "Confidential Agreement") that resolved a prior lawsuit between Ms. Kazanjian and Mr. Rothschild and in support thereof allege as follows:

1. Ms. Kazanjian's deposition is scheduled to take place on September 12, 2025[1]. The Petitioner previously agreed with Ms. Kazanjian's attorney that the Petitioner would be precluded from inquiring about the Confidential Agreement that resolved a prior lawsuit between Ms. Kazanjian and Mr. Rothschild at any deposition of Ms. Kazanjian. See Exhibit "A".

2. The Petitioner is now taking the bizarre position that the Confidential Agreement should now be produced. The very purpose of agreement that precludes the Petitioner from inquiring at the Deposition of Ms. Kazanjian, concerning the Confidential Agreement, was to shield Ms. Kazanjian from a lawsuit from the Other Party to the Confidential Agreement. Ms. Kazanjian relied on the representation by Petitioner that the Confidential Agreement would not be fair game in her upcoming deposition and which would cause her to suffer damages if she were compelled to produce the Confidential Agreement.

---

[1] Respondent has not been served with a Notice of Taking Deposition again and as a non-party such a Notice is required to ensure that she attends a deposition.

3. The mere curiosity of the Petitioner and/or Petitioner's counsel is insufficient reason to require Ms. Kazanjian to produce the Confidential Agreement.

4. Likewise, there are insufficient reasons to require Ms. Kazanjian to disclose the Confidential Agreement concerning an unrelated case that is not relevant to the pending litigation.

5. Federal Civil Procedure Rule 26(b)(1) requires a showing that settlement-related materials must appear reasonably calculated to lead to the discovery of admissible evidence before they may be discovered. *Gutter v. E.I. DuPont de Nemours & Co.*, 2001 U.S. Dist. LEXIS 9706 ("Federal Civil Procedure Rule 26(b)(1) still requires a showing that settlement-related materials must appear reasonably calculated to lead to the discovery of admissible evidence before they may be discovered. *Morse/Diesel, Inc. v. Trinity Industries, Inc.*, 142 F.R.D. 80 (S.D.N.Y. 1992)").

6. Respondent is willing and able to attend a deposition, subject to the agreement between the parties as mentioned above.

WHEREFORE, the Respondent requests that this motion be Granted in its entirety, the Respondent be awarded attorney fees and for any additional relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via filing with CM/ECF to all counsel of record on September 10, 2025

HOFFMAN, LARIN & AGNETTI, P.A.
909 North Miami Beach Blvd, Suite 201
North Miami Beach, Florida 33162
Telephone: (305) 653-5555
Email: pleadings@hlalaw.com

/s/ John B. Agnetti
John B. Agnetti, Esq.
Florida Bar No. 359841