| | |
|---|---|
| From: | Geyer, Kate |
| To: | John Agnetti; Machleidt, Dario; Adriane Glick; Lewton, Parker; Michel Reyes |
| Subject: | RE: Kazanjian (Valve Case): September 12 Deposition |
| Date: | Wednesday, September 10, 2025 5:20:15 PM |
| Attachments: | image001.png |

John –

Please point us to what agreement you think we are reneging on. The only agreement we are aware of is: "Regarding limitations on the actual deposition once scheduled, the Parties agree that Valve will not inquire about the confidential settlement agreement to resolve a prior lawsuit between Ms. Kazanjian and Mr. Rothschild…" Dkt. 17-1. That agreement facially concerns only the "scheduling and taking of the deposition" of Ms. Kazanjian. *Id.* Nothing in that agreement affects the scope of document production. To be clear, consistent with our agreement, we are not going to ask her about that agreement at the deposition.

If Ms. Kazanjian's concern is confidentiality, we are willing to negotiate a Protective Order (or agree that the Protective Order in the Underlying Litigation applies here) and treat that production as Highly Confidential – Attorneys' Eyes Only.

To the extent that Ms. Kazanjian now seeks to move to preclude its production, any such argument has been waived and the Court has already ruled on this issue due to Ms. Kazanjian's non-response to Valve's second motion to compel. Any motion for protective order or motion to quash has been waived at least in view of Ms. Kazanjian's failure to respond or object to the subpoenas served on March 15, 2025 (Dkt. 1-1 at 4-6); failure to timely move for any such motion since this action was filed on May 28, 2025; and failure to respond to the second motion to compel (Dkts. 23, 27). The Court's order requires production of responsive documents, which is not limited for the same reasons listed above. Dkt. 27. That includes documents response to Request No. 1, which covers the settlement agreement:

REQUESTS FOR PRODUCTION
1. All Documents, Communications, and Things related to the *Kazanjian v. Rothschild* case. For clarity, this excludes any publicly available filings from that case but includes non-public filings, discovery responses, deposition transcripts, hearing transcripts, and Communications between the parties.

Please confirm that your motion is limited to Ms. Kazanjian's production of the settlement agreement and that the deposition will still go forward on Friday September 12.

Thank you,
Kate

Kate Geyer
KGeyer@ktslaw.com