UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| VALVE CORPORATION,<br><br>  Petitioner,<br><br>v.<br><br>CONSTANCE KAZANJIAN,<br><br>  Respondent. | Case No. 1:25-mc-22402<br><br>Related Case: Valve Corp. v. Leigh Rothschild et al., No. 23-cv-1016-JNW (W.D. Wash. July 7, 2023) |

**PETITIONER VALVE CORPORATION'S RESPONSE OPPOSING
RESPONDENT'S EMERGENCY MOTION FOR PROTECTIVE ORDER**

After months of ignoring requests by Petitioner Valve Corporation ("Valve") to collect evidence in Respondent Constance Kazanjian's possession, requiring Valve to **twice** seek this Court's intervention, Ms. Kazanjian now moves this Court to revive waived objections in an "Emergency Motion for Protective Order" (the "Motion") (ECF No. 31), filed many months after such objections were due, and lacking the required LR 7.1(d)(1) certification. These objections are waived by her monthslong failure to respond or object. They are further at odds with the Court's already-issued Order to produce responsive documents and are based on an unsupportable misreading of the Parties' agreement.

**BACKGROUND**

1. Valve served the Respondent, Ms. Kazanjian, with subpoenas *ad testificandum* and *duces tecum*, dated March 4, 2025, and served March 15, 2025 (ECF No. 1-3, 1-4).

2. The subpoena *duces tecum* set a production deadline of March 24, 2025 (ECF No. 1-4). Attached to the subpoena *duces tecum* was a list of Requests for Production, including Request No. 1: "All Documents, Communications, and Things related to the *Kazanjian v. Rothschild* case. For clarity, this excludes any publicly available filings from that case but includes non-public filings, discovery responses, deposition transcripts, hearing transcripts, and Communications between the parties." *Id.*

3. Mr. John Agnetti communicated to Valve that he represented Ms. Kazanjian but became incommunicative on April 14, 2025 (ECF No. 1-1 at 2). After weeks of no response from Mr. Agnetti, on May 27, 2025, Valve opened this Miscellaneous Action and filed a Motion to Compel Ms. Kazanjian to Sit for a Deposition and to Produce Documents (ECF No. 1).

4. On June 4, 2025, Valve and Ms. Kazanjian executed a "Stipulation and Agreed Order Regarding Ms. Kazanjian's ***Deposition***." (ECF No. 17-1 at 10 (emphasis added)). This agreement relates only to the scope of deposition. The agreement recites that the parties would negotiate "in good faith about a date and start time for Ms. Kazanjian's deposition," and "[r]egarding limitations on the actual ***deposition*** once scheduled, the Parties agree that: Valve will not inquire about the confidential settlement agreement entered to resolve a prior lawsuit between Ms. Kazanjian and Mr. Rothschild." *Id.* at 10–11 (emphasis added).

5. On August 18, 2025, after another prolonged period of silence from Mr. Agnetti, Valve renewed its Motion to Compel (ECF No. 23). On August 26, 2025, Ms. Kazanjian not having filed a response, this Court entered an Order granting Valve's renewed Motion to Compel by default, ordering that "Respondent shall sit for deposition and produce ***any responsive documents*** on or before the close of discovery in Case No. 23-cv-1016-JNW (W.D. Wash. July 7, 2023), or no later than September 12, 2025." (ECF No. 27 (emphasis added)).

6. Even in light of the Court's August 26 order, Mr. Agnetti's office proposed only deposition dates that would violate the Court-ordered deadline. *See* **Exhibit 1** at Ex. A, 19. Only on September 9—one day before filing this Motion on an "emergency" basis—did Mr. Agnetti's office finally agree to a compliant deposition date of September 12.[1] *Id.* at Ex. A, 10.

---

[1] Citing no authority, Ms. Kazanjian erroneously states that as a non-party, a "Notice of Taking Deposition . . . is required to ensure that she attends a deposition." Motion at 1 n.1. A notice of taking deposition is required for parties, not non-parties. *See* Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice ***to every other party***." (emphasis added)). Valve undisputedly served *subpoenas* under Rule 45 providing Ms. Kazanjian every element that would be in a notice of taking deposition (ECF Nos. 1-3, 1-4).

## RESPONSE

Ms. Kazanjian now files this Motion conflating two separate issues. Ms. Kazanjian seeks to bar production of the Confidential Settlement Agreement by relying on Valve's agreement to not "inquir[e] as to a Confidential Settlement Agreement . . . that resolved a prior lawsuit between Ms. Kazanjian and Mr. Rothschild" at deposition. Mot. at 1. The Motion fails because (1) Ms. Kazanjian has waived objections to the document subpoena; (2) the Court has already ordered responsive documents such as the Confidential Settlement Agreement, to be produced; (3) the Confidential Settlement Agreement is relevant to the underlying case; and (4) the parties' stipulated agreement covers only the scope of deposition questions which Ms. Kazanjian misreads it to cover document production.

First, Ms. Kazanjian has waived all objections to the subpoenas. Ms. Kazanjian appears to now object to producing the Confidential Settlement Agreement on relevance grounds. Mot. at 2 ("[T]here are insufficient reasons to require Ms. Kazanjian to disclose the Confidential Agreement concerning an unrelated case that is not relevant to the pending litigation.").

Ms. Kazanjian never served objections to the March 4, 2025 subpoenas, let alone within 14 days of service. *See* Fed. R. Civ. P. 45(d)(2)(B). She thus waived all objections thereto. *See Whatley v. World Fuel Servs. Corp.*, No. 20-20993-MC, 2020 WL 2616209, at *3 (S.D. Fla. May 22, 2020) ("[T]he failure to serve any objections in the time provided constitutes a waiver of any objections." (citing *Carroll v. TheStreet.com*, No. 11-81173-CIV, 2013 WL 12383301, at *1 (S.D. Fla. Apr. 15, 2013))).

Second, the scope of discovery was already set by this Court's Order requiring Ms. Kazanjian to produce "any responsive documents." (ECF No. 27). The Order makes no carve outs on scope of that production because Ms. Kazanjian made no objections. In fact, Ms. Kazanjian did not respond to the motion to compel at all. In the Motion, Ms. Kazanjian does not dispute that the settlement agreement is responsive. Therefore, to comply with the Order already entered by the Court, she must produce the Confidential Settlement Agreement.

Third, the Confidential Settlement Agreement and the litigation between Ms. Kazanjian

and Mr. Rothschild are unambiguously relevant to Valve's underlying case in the Western District of Washington. For example, the complaint in the Kazanjian/Rothschild action includes numerous allegations about Ms. Kazanjian's role in creating Mr. Rothschild's corporations, including numerous corporate defendants in the underlying litigation, and designing and implementing one of the largest patent assertion companies in the United States for Mr. Rothschild. This direct connection to the cause of action in the underlying case more than meets the low threshold for relevance. *See Pinilla v. Northwings Accessories Corp.*, No. 07-21564-CIV, 2007 WL 2826608, at *4 (S.D. Fla. Sept. 25, 2007) ("It is well-settled that the definition of relevance sets a remarkably low bar for the discovery of any evidence . . . .").

Finally, the Motion attempts to use the parties' stipulated agreement regarding depositions to bar the production of responsive documents. On its face, the parties' stipulated agreement covers only the scope of deposition (ECF No. 17-1 at 10–11). In emails to Valve, Mr. Agnetti confuses Valve's request for **production** of the settlement agreement—compliance with which the Court has already ordered—with the **deposition** limitations in the parties' stipulation. Mr. Agnetti states, "I had an agreement with your firm that this would not be a subject of your inquiry," but incorrectly attempts to apply that agreement to document production. Ex. 1 at Ex. A, 4–5. The parties' stipulation, as repeatedly explained by Valve, concerned only the scope of inquiry at Ms. Kazanjian's **deposition**. *Id.* at Ex. A, 3–4, 6. And Valve confirmed that "consistent with our agreement, we are not going to ask [Ms. Kazanjian] about that [settlement] agreement at the deposition." *Id.* at Ex. A, 4.

In the Motion, Ms. Kazanjian continues to conflate the agreed-to limitations to Valve's scope of inquiry at her deposition—where Valve agreed that questions regarding the settlement agreement would be off-limits—with her duty to produce the Confidential Settlement Agreement as a responsive document. Ms. Kazanjian argues that she "relied on the representation by Petitioner that the Confidential Agreement would not be fair game in her upcoming deposition and which would cause her to suffer damages if she were compelled to produce the Confidential Agreement." Mot. at 1. The two halves of this sentence are

disconnected; Valve agrees that the Confidential Settlement Agreement is not "fair game" at the deposition, but at no point has Valve relinquished its right to have the relevant document produced. Nor has Ms. Kazanjian pointed to any such agreement or representation from Valve.

To allay Ms. Kazanjian's concerns regarding confidentiality or harm, Valve has also expressed willingness to designate the settlement agreement, when produced, as "Highly Confidential—Attorneys' Eyes Only." *Id.*

In sum, Ms. Kazanjian has waived all objections to producing the Confidential Settlement Agreement. Ms. Kazanjian does not challenge that the Confidential Settlement Agreement is responsive to at least Request No. 1 in Valve's subpoena *duces tecum*. *See* ECF No. 1-4. The parties' stipulation regarding the scope of depositions cannot bar the production of the Confidential Settlement Agreement (ECF No. 17-1 at 10–11).

Valve therefore requests that this Court: (a) deny Respondent Ms. Kazanjian's Emergency Motion for Protective Order; (b) Order that Ms. Kazanjian produce the Confidential Settlement Agreement by September 12 or within one day of the Court's Order; and (c) award Valve its reasonable fees in responding to Ms. Kazanjian's Emergency Motion.

DATED: September 11, 2025

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

*/s/ Parker A. Lewton*
Parker A. Lewton
FL State Bar No. 1002490
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
T: (404) 815-6022
F: (404) 815-6555
E: plewton@ktslaw.com

Dario A. Machleidt
(admitted *pro hac vice*)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
T: (206) 467-9600
F: (206) 623-6793

- 6 –

E: dmachleidt@ktslaw.com

Kathleen R. Geyer
(admitted *pro hac vice*)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
T: (206) 516-3094
F: (206) 299-3458
E: KGeyer@ktslaw.com

*Attorneys for Plaintiff Valve Corporation*

- 6 –

- 7 –

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that, on this 11th day of September 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                */s/ Parker A. Lewton*
                Parker A. Lewton
                Florida Bar No. 1002490